◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BANGERT, Appellant. — Appeals by defendant from two judgments of the County Court, Suffolk County (Mallon, J.), both rendered May 3, 1984, convicting him of manslaughter in the second degree and bail jumping in the first degree, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial of defendant's motion to withdraw his pleas of guilty.

Judgments affirmed and this case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5).

The County Court correctly denied defendant's motion to withdraw his pleas of guilty. Defendant's claims of innocence and ineffective assistance of counsel are based only on defendant's unsupported allegations, which present an issue of credibility. Based upon this record, he was not entitled to withdraw his pleas (see *People v Dixon,* 29 NY2d 55, 57; *People v Matta,* 103 AD2d 756; *People v Fridell,* 93 AD2d 866). The record, in fact, shows that defendant, at the plea allocution, unequivocally admitted his guilt and expressed satisfaction with the representation provided by his attorney.

Defendant's additional claim that he was incapacitated at the time of the pleas because he had taken an excessive amount of pain-killing drugs during the previous night is also belied by the record of the plea allocution. Defendant unequivocally stated that although he was on medication, he was aware of what was going on and that his faculties were not impaired by taking the medication. Furthermore, this is not one of those "rare instance[s]" in which an evidentiary hearing was required (*People v Tinsley,* 35 NY2d 926, 927; *People v Matta, supra; People v Kepple,* 98 AD2d 783). Therefore, the County Court was justified in deciding the motion on the papers submitted.

Defendant's further claim that the pleas did not contain a voluntary, knowing and intelligent waiver of his rights is without merit. He was adequately informed that by pleading guilty he was giving up the right to a jury trial, even though the court failed to specify the word "jury". There is no requirement for a " 'uniform mandatory catechism of pleading defendants' " (*People v Harris,* 61 NY2d 9, 16, citing *People v Nixon,* 21 NY2d 338, 353, cert den *sub nom. Robinson v New York,* 393 US 1067). Finally, defendant's claim that the statements he made to the police were obtained in violation of his Fifth Amendment and due process rights is also without merit. Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.