■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY FEARS, Appellant.

Defendant's partially exculpatory statements, made to the police before he was read his *Miranda* rights, were admissible in evidence and were properly not suppressed. The statements were made spontaneously and were not the product of police coercion or suggestion (*see, People v Rogers,* 48 NY2d 167, 174; *People v Maerling,* 46 NY2d 289, 302-303). Defendant's subsequent statements were made only after he was read his *Miranda* rights, including his right to have an attorney present at questioning, free of charge. He then acknowledged that he understood his rights, voluntarily waived them, and agreed to answer questions without an attorney being present (*see, e.g., People v Williams,* 62 NY2d 285, 288-289). Thus, the latter statements were admissible and the branch of defendant's motion which sought to suppress them was properly denied (*see, e.g., People v Grant,* 45 NY2d 366; *People v Buxton,* 44 NY2d 33).

Additionally, defendant's motion to withdraw his plea of guilty was properly denied. Defendant's claims of innocence and duress are based only upon his unsupported allegations, which present an issue of credibility. Based upon this record, which shows that defendant unequivocally admitted his guilt at the plea allocution, defendant was not entitled to withdraw his plea (*see, People v Dixon,* 29 NY2d 55, 57; *People v Bangert,* 107 AD2d 752; *People v Matta,* 103 AD2d 756).

Finally, defendant's claim that the hearing court improperly interfered with and terminated defense counsel's cross-examination of the prosecution's witness at the suppression hearing has been considered and found to be without merit. Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.