■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered March 25, 1985, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The decision to allow a defendant to withdraw his guilty plea rests within the trial court's discretion (CPL 220.60 [3]; *People v Kelsch,* 96 AD2d 677, 678). The record discloses that an indeterminate term of 3 to 9 years' imprisonment was discussed at the time the plea was entered and was thereafter actually imposed. The defendant now claims that his plea was the product of a unilateral mistake concerning the potential sentence being considered by the court. In view of the complete allocution of the defendant's plea, his unequivocal admission of guilt and the fact that he made no showing in support of his conclusory assertion, Criminal Term properly proceeded to impose sentence without making further inquiry *(see, People v Brown,* 110 AD2d 902; *People v Fears,* 110 AD2d 712). Any off-the-record sentencing considerations are not entitled to judicial recognition on direct appeal *(see, People v Hood,* 62 NY2d 863, 865). Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY C. WILLIAMS, Appellant.—Judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 22, 1983, affirmed *(see, People v Pellegrino,* 60 NY2d 636; *People v Harris,* 61 NY2d 9; *People v Kazepis,* 101 AD2d 816). Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.