■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY BARNETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered March 13, 1985, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, as a condition to the acceptance of his plea, voluntarily waived his right to appellate review of the denial of his motion to suppress certain statements made to law enforcement officials. Thus, the defendant's challenge on appeal regarding the propriety of the suppression court's ruling need not be addressed *(see, People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Feingold,* 125 AD2d 587; *People v Moore,* 123 AD2d 363; *People v Davison,* 108 AD2d 820).

The defendant's further contention that Criminal Term erred in denying his motion to withdraw his guilty plea without first conducting an evidentiary hearing is without merit. The record reveals that the defendant was fully apprised of the rights he would be waiving by pleading guilty. After consulting with counsel, the defendant voluntarily elected to plead guilty to a lesser-included charge of the top count of a two-count indictment. During the plea allocution, the defendant admitted the underlying facts of the crime and he also waived potential defenses thereto. Neither his belated, unsubstantiated claim of innocence nor his assertion that "emotional" problems compelled him to plead guilty renders the plea procedurally or substantively defective *(see, People v Stubbs,* 110 AD2d 725; *People v Fears,* 110 AD2d 712; *People v Bangert,* 107 AD2d 752). Moreover, in view of the fact that the defendant was afforded a reasonable opportunity to state the basis for his withdrawal motion, no formal evidentiary hear-

ing was necessary *(see, People v Tinsley,* 35 NY2d 926; *People v Kelsch,* 96 AD2d 677). Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.