■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered September 26, 1983, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, his arrest was predicated upon probable cause. In response to a radio bulletin of a robbery in progress, the police arrived upon the scene and were met by an eyewitness who pointed out the defendant as one of the alleged robbers. This information, provided by an identified citizen, accusing another of the commission of a crime, was sufficient to provide the police with probable cause to arrest *(see, People v Douglas,* 138 AD2d 731, *lv denied* 72 NY2d 858; *People v Sanders,* 79 AD2d 688; *People v Crespo,* 70 AD2d 661). Moreover, the defendant's statement to Officer Oberweis was properly ruled admissible as a spontaneous utterance made by the defendant while the officer was merely recording pedigree information *(see, People v Rivers,* 56 NY2d 476), and after he had been advised of his rights. There is no indication in the record that the defendant's statement was the result of even subtle coercion *(see, People v Zehner,* 112 AD2d 465, *lv denied* 66 NY2d 619).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit *(see, People v Satterfield,* 66 NY2d 796; *People v Barnett,* 136 AD2d 555, *lv denied* 71 NY2d 966; *People v Bratescu,* 115 AD2d 655; *People v Ores,* 108 AD2d

931). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.