■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO DIAZ, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J.), rendered May 20, 1987, which convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree and sentenced him to an indeterminate prison term of from 2 to 4 years, is unanimously affirmed.

The court properly rejected defendant's motion at sentencing to withdraw his guilty plea, which urged that, given his allocution, the court should have further inquired into his guilt before accepting his plea. A sufficient inquiry was made. Bare allegations of innocence or coercion do not mandate the granting of a motion to withdraw a guilty plea, particularly when they follow an admission of complicity at the plea proceeding *(People v Billingsley,* 54 NY2d 960, 961), and when they are controverted, as here, by defendant's own counsel. The minutes of the plea and sentencing proceedings refute any contention of off-the-record coercion *(see, People v Frederick,* 45 NY2d 520). Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.