■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE THORNTON, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: A few months before entry of a guilty plea, defendant applied for the substitution of assigned counsel. Upon inquiry by the court, defendant stated that counsel was not acting in his "best interests". Although offered the opportunity to elaborate upon his request, defendant simply stated that he wanted a new lawyer. That general statement professing a lack of confidence in assigned counsel did not amount to good cause for substitution of counsel, and the court's inquiry, in the circumstances of this case, was sufficient to protect defendant's right to counsel (see, People v Sawyer, 57 NY2d 12, 19; People v Gensicki, 123 AD2d 214, lv denied 70 NY2d 646; cf., People v Sides, 75 NY2d 822).

Prior to sentencing, defendant moved to withdraw his guilty plea, contending that his assigned counsel pressured him into pleading guilty, that he was innocent, and that he misunderstood the sentence that could be, and was, imposed. The court, after a hearing at which defendant was represented by new assigned counsel, denied the application. The record supports the court's finding that defendant understood that consecutive terms of imprisonment might be imposed and that he was well aware of the difference between concurrent and consecutive terms. At the plea colloquy, defendant was fully advised of all the rights he would waive by pleading guilty, acknowledged that he had consulted with his attorney about the plea, indicated that the decision to plead was voluntary on his part, and unequivocally admitted the underlying facts of each crime without any suggestion or claim of innocence. Defendant's subsequent claim of innocence was unsubstantiated, and his claim of duress presented no more than a credibility issue. Denial of defendant's application was not an abuse of the court's discretion (see, People v Dixon, 29 NY2d 55; People v Fears, 110 AD2d 712).

The imposition of consecutive imprisonment terms was lawful, was not harsh and excessive, and we decline to exercise our discretionary powers with respect to the sentence imposed (see, CPL 470.15 [6] [b]). (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—attempted rape, first degree.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.