■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN J. SEGER, Also Known as JOSEPH SALVATORE, Also Known as A. J., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered March 29, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the County Court properly exercised its discretion in declining to permit the defendant to withdraw his guilty plea. The record provides no support for the defendant's conclusory assertion at sentence that his attorney "coerced" him into entering the plea, given his statements during the extensive plea colloquy to the contrary, his representation that he knowingly and voluntarily entered the plea, and his admission that he had committed the crimes to which he admitted guilt *(see, People v Long,* 157 AD2d 504; *People v Moore,* 156 AD2d 395; *see also, People*

*v Tinsley,* 35 NY2d 926; *People v Dixon,* 29 NY2d 55). The defendant's further contention that the court should have conducted a hearing on his vacatur motion since he admitted to being medicated with anti-depressant drugs is similarly without merit. The defendant unequivocally stated that although he was on medication, he was aware of what was going on and that his faculties were not impaired by the medication *(see, People v Ostrander,* 136 AD2d 760, 761; *People v Bangert,* 107 AD2d 752, 753). We note, moreover, that during the plea colloquy, the defendant was lucid, rational and unequivocal in assuring the court on numerous occasions that he fully comprehended the meaning of the plea proceeding. Since the defendant was afforded an ample opportunity to state the basis of his withdrawal application on the record, the court was not required to conduct an evidentiary hearing into the defendant's claims of incapacity and coercion *(see, People v Tinsley, supra; People v Martin,* 157 AD2d 674, 675; *People v Cannon,* 150 AD2d 383; *People v Barnett,* 136 AD2d 555). Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.