■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR CORNIELLE and MELVIN FELIX, Also Known as MELVIN FELIZ, Appellants.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 7, 1989, convicting defendant Melvin Felix, upon his plea of guilty of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of from 7 years to life, unanimously affirmed.

Judgment, of the same court and Justice, rendered June 12, 1989, convicting defendant Omar Cornielle, upon his plea of guilty, of two counts of criminal sale of a controlled substance in the second degree, and sentencing him to consecutive indeterminate terms of imprisonment of from 3 years to life and 6 years to life, respectively, unanimously affirmed.

Counsel, on behalf of both defendants, claims the plea bargains accepted by these two defendants, as well as five

other co-defendants, conditioned on each one of them pleading guilty, were coercive *per se.* We disagree. There is no inherent illegality arising from an "all or nothing" plea bargain *(People v Rodriguez,* 79 Misc 2d 1002; *People v Bermudez,* 157 AD2d 533).* Defendants' protestations of innocence and coercion do not mandate the granting of their motions to withdraw their pleas, in view of their explicit admissions of complicity at the plea proceeding. *(People v Diaz,* 162 AD2d 405.) We find that defendants' pleas were made intelligently, knowingly and voluntarily *(People v Harris,* 61 NY2d 9).

We also reject defendant Cornielle's claim that his plea was coerced by the prosecutor's attempt to engage him as an informant, or to exchange him for a prisoner being held in the Dominican Republic, where Cornielle's family was believed to have influence. These unsuccessful plea offers were not accepted by Cornielle, had no bearing on the plea offer which was eventually accepted, and were not otherwise illegal or coercive. *(See, People v Gonzalez,* 161 AD2d 469.)

Defendant Felix' claim that the sentencing court improperly recommended no parole at first eligibility is raised prematurely in this Court. The sentencing court's recommendation is not binding and is not relevant until parole proceedings are commenced. *(See, People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128.) In any event, Felix has failed to demonstrate that the court acted out of retaliation.

We have considered and reject defendant Felix' *pro se* arguments that he was deprived of effective assistance of counsel, that the court improperly denied his *pro se* motion to suppress evidence, without an evidentiary hearing, that he had standing to challenge a search of a co-defendant's apartment which resulted in physical evidence used against all seven defendants, and that his sentence was excessive. Concur —Sullivan, J. P., Wallach, Kupferman and Rubin, JJ.