(June 24, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LLOYD CUMMINGS, Appellant. [599 NYS2d 661] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 11, 1988, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and burglary in the first degree.

We find defendant's argument that County Court abused its discretion in denying his motion to withdraw his guilty plea to be without merit. Defendant's conclusory claim that medication he was taking at the time of the plea served to make his plea involuntary is belied by the record. The transcript of the plea reveals that defendant was lucid and rational; County Court questioned defendant concerning the effects of his medication and was assured by defendant that he was cognizant of the proceedings and was not impaired by the medication *(see, People v Seger,* 171 AD2d 892, *lv dismissed* 78 NY2d 1081; *People v Ostrander,* 136 AD2d 760). Furthermore, defendant offered no evidence that he suffered from any side effects from the medication which impaired his cognitive ability in any way *(see, People v Gomez,* 174 AD2d 949, *lv denied* 79 NY2d 827). County Court afforded defendant the opportunity to make a formal written motion, which defendant failed to do. Given that "[t]he nature and extent of the fact-finding procedures prerequisite to the disposition [of motions to withdraw a plea] rest largely in the discretion of the Judge to whom the motion is made" *(People v Tinsley,* 35 NY2d 926, 927), we cannot say that County Court's offer in this regard did not meet the required procedural standard. Defendant failed to avail himself of the opportunity to make a formal motion in which he could have set forth the particulars which he claimed necessitated withdrawal of his plea. He cannot now complain that he was not given an appropriate opportunity to state the basis for his withdrawal motion, and County Court was not obligated to conduct an evidentiary hearing *(see, People v Seger, supra; People v Barnett,* 136 AD2d 555, *lv denied* 71 NY2d 966).

Finally, given that County Court's recommendation as to parole is not binding on the Parole Board and not relevant until parole proceedings are commenced, defendant's allegation that County Court violated the terms of the plea agreement by recommending that he never be granted parole is premature and, in any event, defendant has not shown that County Court acted out of retaliation *(see, People v Cornielle,* 176 AD2d 190, 191, *lv denied* 79 NY2d 855).

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.