■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL TORRES, Appellant. [628 NYS2d 121] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 22, 1993, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH TORRES, Appellant. [628 NYS2d 488] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered January 12, 1994, convicting

him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not improvidently exercise its discretion in denying his motion to withdraw his plea of guilty *(see, People v Ladelokun,* 192 AD2d 723; *People v Pettway,* 140 AD2d 721, 722). Although the defendant alleged in his motion papers that he was on medication at the time of the plea proceeding, the record reveals that the defendant was lucid, rational, and unequivocal in assuring the court on several occasions that he fully comprehended the meaning of the plea proceeding *(see generally, People v Seger,* 171 AD2d 892, 893). Moreover, the court did not err in refusing to hold an evidentiary hearing on the defendant's application to withdraw his plea since the defendant was afforded an ample opportunity to present evidence of his allegations *(see, People v Tinsley,* 35 NY2d 926, 927; *People v Cannon,* 150 AD2d 383, 384). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.