■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOAN VAN LUC, Appellant. [635 NYS2d 901] —Judgment

unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of burglary in the first degree, defendant contends that Supreme Court improperly imposed a harsher sentence than that negotiated as part of the plea and sentence agreement when it stated at sentencing that "[i]t is also my intent * * * that you serve the maximum imposed by this Court today and I would be so informing the requisite authorities in that regard". That contention lacks merit. The court's statement of its intent is not binding on the State Board of Parole and is not relevant until parole proceedings are commenced (see, People v Cummings, 194 AD2d 994, 995, lv denied 82 NY2d 752; People v Cornielle, 176 AD2d 190, 191, lv denied 79 NY2d 855; see also, People v Tower, 308 NY 123). In any event, defendant has failed to demonstrate that the court acted out of retaliation (see, People v Cummings, supra, at 995; People v Cornielle, supra, at 191). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Burglary, 1st Degree.) Present—Pine, J. P., Lawton, Davis and Boehm, JJ.