■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE JONES, Appellant. [643 NYS2d 833] —Case held, decision reserved and matter remitted to Niagara County Court for further proceedings in accordance with the following Memorandum: County Court abused its discretion in denying the application of defendant for a brief adjournment of sentencing to investigate the possibility that his mental condition at the time of his plea may have rendered the plea involuntary. The determination whether to grant an adjournment is ordinarily within the sound discretion of the trial court (*see, Matter of Anthony M.*, 63 NY2d 270, 283; *People v Houk*, 222 AD2d 1074). "But in particular situations, when the protection of fundamental rights has been involved in requests for adjournments [the court's] discretionary power has been more narrowly construed" (*People v Spears*, 64 NY2d 698, 700; *see also, Matter of John W.*, 227 AD2d 981 [decided herewith]). According to the presentence investigation report, which was before the court, the 16-year-old defendant had at least two hospitalizations for extreme aggressive behavior and psychiatric problems. He had been released from the last hospitalization about one month before his arrest on the charges in this case. The presentence investigation report also states that defendant has attempted suicide, is required to take anti-psychotic medication to maintain emotional and mental stability, and has exhibited a

pervasive pattern of violent and antisocial behavior. Further, according to information obtained from defendant by defense counsel, defendant has a long history of mentally aberrant behavior and symptoms of mental disease, including auditory hallucinations. Under the circumstances, there was sufficient question raised regarding defendant's capacity to enter a knowing, intelligent and voluntary plea to warrant the short adjournment requested, to enable defense counsel to obtain a psychiatric evaluation of defendant and verification of his mental health history (*see, People v De Wolf,* 155 AD2d 995, *lv denied* 75 NY2d 812). We therefore reserve decision and remit the matter to Niagara County Court for that purpose. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.