■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WILDER, Appellant. [667 NYS2d 774] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered December 13, 1996, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

Defendant pleaded guilty to criminal contempt in the first degree in full satisfaction of a four-count indictment and all pending charges in Albany County. At sentencing, defendant moved to withdraw the plea on the ground that his plea was involuntary because he was under the influence of antidepressant medication at the time he entered the guilty plea. County Court denied defendant's motion and sentenced him in accordance with the plea agreement to a prison term of 1⅓ to 4 years. Defendant appeals contending that County Court abused its discretion in denying his motion without a hearing. Defendant also asserts that he was denied effective assistance of counsel.

Contrary to defendant's contention, we find that County Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. During the plea proceeding, defendant indicated to County Court that he had taken no medication within the 24 hours prior to the plea and that he understood the proceedings. The record also reveals that defendant gave pertinent, appropriate and unequivocal responses to County Court's inquiries during the plea allocution. We find no evidence that defendant's cognizant ability was impaired by any alleged antidepressant medication; rather, the record reveals that defendant entered a knowing, voluntary and intelligent plea (*see, e.g., People v Passero*, 222 AD2d 858, 859, *lv*

*denied* 88 NY2d 851; *People v Cummings*, 194 AD2d 994, 995, *lv denied* 82 NY2d 752; *People v Seger*, 171 AD2d 892, 893, *lv dismissed* 78 NY2d 1081). Furthermore, although defense counsel stated in his affidavit in support of defendant's motion to withdraw the plea that he and defendant had "differences of opinions" regarding defense counsel's services, we do not find that such statement constitutes an adverse position to warrant new counsel being assigned before the motion to withdraw could be resolved (*see, e.g., People v Maragh*, 208 AD2d 563, *lv denied* 84 NY2d 1013; *compare, People v Singletary*, 233 AD2d 849; *People v Santana*, 156 AD2d 736). In any event, County Court "made its determination based upon the record before it and not upon the defense counsel's statements" (*People v Maragh, supra*, at 563-564).

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.