■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE JONES, Appellant. [668 NYS2d 801] —Judgment unanimously affirmed. Memorandum: When this appeal was initially before us, we determined that County Court had abused its discretion in denying the application of defendant for a brief adjournment of sentencing to investigate the possibility that his mental condition at the time of his plea of guilty may have rendered the plea involuntary (*People v Jones*, 227 AD2d 982). On remittal, defendant was examined by a psychiatrist who then submitted a report in which he diagnosed defendant as having an antisocial personality disorder and a drug dependency but no psychosis or impaired thinking ability. In the psychiatrist's opinion, defendant "was, for all intents and purposes, quite capable of going forward with that adjudication process, i.e., in taking a plea in July, 1995." Thereafter, a competency hearing was held, at which the psychiatrist's report was admitted into evidence without objection. No further evidence was submitted, and the court found beyond a reasonable doubt that defendant was competent when he was sentenced. We agree and further determine, based on the undisputed evidence, that defendant was competent to enter a knowing, intelligent and voluntary plea.

Given the nature of the crime and defendant's history of violence and illegal conduct, the court did not abuse its discretion in denying defendant youthful offender status (*see, People v Grafton*, 136 AD2d 960, *affd* 73 NY2d 779; *People v Ortega*, 114 AD2d 912, *lv denied* 67 NY2d 887). In light of the foregoing, and because defendant was permitted to plead guilty to this indictment in satisfaction of three pending indictments, all charging him with robbery and assault, we conclude that defendant's sentence is neither unduly harsh nor severe. (Resubmission of Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 1st Degree.) Present—Pine, J. P., Balio, Boehm and Fallon, JJ.