■ The People of the State of New York, Respondent, v Paul J. D'Adamo, Appellant. [721 NYS2d 706] —Spain, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered October 20, 1998 in Rensselaer County, convicting defendant upon his plea of guilty of the crimes of attempted rape in the first degree and rape in the second degree.

In satisfaction of a 12-count indictment, defendant entered a

plea of guilty of attempted rape in the first degree and rape in the second degree and waived his right to appeal. At sentencing, defendant moved to withdraw the plea on the ground that, as a result of his mental condition, his plea was not knowing and voluntary. Supreme Court denied the motion without a hearing and sentenced defendant in accordance with the plea agreement. Defendant appeals, challenging only the denial of his motion to withdraw the plea.

Initially, defendant retained the right to challenge the voluntariness of his plea despite his waiver of the right to appeal (*see, People v Seaberg*, 74 NY2d 1, 10; *People v Edwards*, 274 AD2d 754, 756, *lv granted* 95 NY2d 963). On the merits, it is well settled that "the question of whether a defendant should be permitted to withdraw his plea rests in the discretion of the trial court and hearings are granted only in rare instances" (*People v Davis*, 250 AD2d 939, 940; *see,* CPL 220.60 [3]; *People v Dashnaw*, 260 AD2d 658, 660, *lv denied* 93 NY2d 968). "[O]ften a limited interrogation by the court will suffice" (*People v Tinsley*, 35 NY2d 926, 927). Thus, where the grounds for a defendant's motion to withdraw the plea are "facially without merit," no evidentiary hearing is necessary (*People v Rudenko*, 243 AD2d 588, 588, *lv denied* 91 NY2d 879). On the other hand, when the record raises a sufficient question of fact regarding whether the plea was knowing and voluntary, an evidentiary hearing may be appropriate (*see, People v Hawkins*, 271 AD2d 756; *People v Jones*, 227 AD2d 982).

In keeping with these general principles, no abuse of discretion will generally be found in the trial court's denial of a motion to withdraw a plea without a hearing where the court—aware at the plea proceedings of defendant's mental health problems—conducts a thorough inquiry during those proceedings to establish that, despite those deficiencies, defendant understood the nature of the charges and the consequences of the plea and the motion to withdraw is based upon defendant's unsubstantiated claims of lack of comprehension (*see, People v Totman*, 269 AD2d 617, *lv denied* 95 NY2d 839). Similarly, we found no abuse of discretion where a trial court had no indication at the time of the plea that defendant suffered any mental deficiency and, despite the submission on the motion to withdraw of some evidence of mental deficiencies, the motion was not supported by evidence demonstrating that defendant's plea was not knowing and voluntary (*see, People v Hart*, 205 AD2d 943).

In this case, Supreme Court was apparently unaware at the time of the plea proceeding that defendant had any mental

health problems. However, defendant's motion made at sentencing to withdraw the plea was supported, *inter alia*, by the affidavit of a psychiatrist who began to treat defendant the day after he entered the guilty plea and who reviewed the records of defendant's treatment for "bi-polar (manic depressive) illness" over the previous 15 months. The psychiatrist concluded that there was a "strong likelihood that [defendant's] cognitive abilities were seriously impaired on [the date of the plea] and that he was unable to make a knowing and intelligent decision[ ] of a serious nature."*

Defendant also submitted an affidavit in which he states that he was on medication—psychotropic drugs—at the time that he entered the plea. The psychiatrist opined that the medications taken by defendant have side effects which include "mental confusion and psychosis." Notably, at the time that the plea was entered, Supreme Court did not ask defendant if he was taking any medication.

In denying a hearing, Supreme Court observed that defendant had participated in four conferences prior to entering a guilty plea and appeared to the court during the plea proceeding to have all of his cognitive abilities and to be making a voluntary and intelligent choice to plead guilty, and defense counsel apparently never raised the issue of defendant's competency at any time prior to moving to withdraw the plea at sentencing. Nevertheless, we are of the view that the affidavits presented are sufficient to raise a genuine issue of fact which should be resolved only after a hearing (*see, People v Jones*, 227 AD2d 982, *supra*; *see also, People v Hawkins*, 271 AD2d 767, *supra*; *People v De Wolf*, 155 AD2d 995, *lv denied* 75 NY2d 812; *cf., People v Young*, 257 AD2d 764, *lv denied* 93 NY2d 931; *People v Cummings*, 194 AD2d 994, *lv denied* 82 NY2d 752). The matter must, therefore, be remitted for that purpose.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

---

* While the People note that the psychiatrist did not qualify his opinion with the phrase "reasonable degree of medical certainty," this Court explained in *Matter of Van Patten* (215 AD2d 947, *lv denied* 87 NY2d 802) that "[t]he phrase 'reasonable degree of medical certainty' recognizes that neither the medical expert nor medical science is infallible, and it reflects the limitations inherent in medical opinion * * *. Thus, a physician is permitted to give an opinion when he or she ' "intends to signify a probability supported by some rational basis" ' " (*id.*, at 949 [citations omitted]). The psychiatrist's affidavit appears to satisfy this standard.