■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RUSSELL, Appellant. [730 NYS2d 574] —Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered August 4, 2000, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

Defendant was an inmate at Ogdensburg Correctional Facility in St. Lawrence County on October 10, 1999. After an inmate was found to be bleeding profusely from a head wound, defendant was discovered in possession of a folded metal can lid approximately three inches in diameter and he had suffered a cut on his finger. Defendant was indicted on January 10, 2000 on a charge of promoting prison contraband in the first degree. He initially entered a not guilty plea and, after a lengthy inquiry and admonition, County Court granted defendant's request to represent himself throughout the criminal proceedings.

At defendant's request, a nonjury trial was held. Midway through such trial, defendant decided to accept a plea bargain agreement pursuant to which he pleaded guilty to the crime of promoting prison contraband in the first degree and waived his right to appeal. He was subsequently sentenced as a second felony offender to the agreed-upon prison term of $2^{1}/_{3}$ to $4^{2}/_{3}$ years, to run consecutively to the prison term he was already serving.

On this appeal, defendant contends that he was denied his constitutional right to a speedy trial. While defendant's waiver of his right to appeal does not bar this Court's review of this issue (*see*, US Const 6th Amend; *see also*, *People v Hansen*, 95 NY2d 227, 230), we find his assertion meritless. The People filed their notice of readiness for trial on January 25, 2000, the date of defendant's arraignment, and announced their continued readiness for trial at each of defendant's subsequent court appearances. The trial commenced on June 27, 2000. As the People communicated their readiness for trial at the time of defendant's arraignment and as there has been no showing that they were not, in fact, ready on that date, the contention that defendant was denied his constitutional right to a speedy trial is rejected (*see*, *People v Gibbs*, 280 AD2d 698, 699, *lv denied* 96 NY2d 829).

Defendant also argues that County Court abused its discretion by denying his motion to withdraw his guilty plea on the ground that it was not voluntary but was the product of the mental strain he was undergoing due to his concern that if he were found guilty following a trial, County Court might sentence him as a persistent felony offender to an extended period of incarceration. Since the right to challenge the voluntariness of a plea on appeal may not be waived (*see*, *People v Seaberg*, 74 NY2d 1, 10; *People v Ross*, 182 AD2d 1022, 1023, *lv denied* 80 NY2d 934), we shall consider the merits of defendant's claim. Defendant's conclusory assertions of coercion and mental distress are belied by the transcript of the plea hearing which discloses that County Court conducted a thorough inquiry prior to accepting defendant's guilty plea, ascertaining that such plea was both informed and not the result of any form of duress (*see*, *People v D'Adamo*, 281 AD2d 751, 752; *People v Totman*, 269 AD2d 617, 618, *lv denied* 95 NY2d 839). We find no indication that defendant was reluctant, confused or influenced by emotional distress at the time he entered his plea. As the record establishes that the plea was knowing, intelligent and voluntary, we conclude that there was no abuse of discretion in County Court's denial of defendant's

motions to vacate (*see, People v Anderson* 270 AD2d 509, 510, *lv denied* 95 NY2d 792). The remaining issues raised by defendant have been examined by this Court and found to be either without merit or unpreserved for our review.

Cardona, P. J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.