■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. D'ADAMO, Appellant. [742 NYS2d 394] —Spain, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered October 20, 1998 in Rensselaer County, convicting defendant upon his plea of guilty of the crimes of attempted rape in the first degree and rape in the second degree.

On August 25, 1998, defendant pleaded guilty to attempted rape in the first degree and rape in the second degree in satisfaction of a 12-count indictment. At sentencing, defendant moved to withdraw his plea as not knowingly and voluntarily entered based upon his psychiatric condition and the effects of the medication he was taking at the time of the plea or, alternately, for a hearing on the validity of his plea. Defendant submitted the affidavit of a psychiatrist who evaluated defendant the day after he entered the plea, diagnosed him as bipolar and concluded that on the day of the plea, there was a strong likelihood that his cognitive abilities were "seriously impaired" by his illness and psychotropic medications and that he was unable to make a knowing and intelligent decision. Supreme Court denied the motion without a hearing and

imposed a prison sentence of 7½ to 15 years pursuant to the plea agreement. On appeal, this Court withheld decision and remitted the matter, finding that defendant had presented sufficient evidence in support of his motion to entitle him to a hearing on the issue of the voluntariness of his plea (281 AD2d 751). On remittal, County Court (McGrath, J.) conducted a hearing and thereafter denied defendant's motion to withdraw his plea in a written decision summarizing the evidence and making findings of fact.

We affirm, concluding that there is adequate support in the record for County Court's denial of defendant's motion to withdraw his guilty plea following the hearing (see, CPL 220.60 [3]; see also, People v Ribeiro, 245 AD2d 804, lv denied 91 NY2d 976). At the hearing, it was established that after the 11-year-old daughter of defendant's girlfriend made sexual abuse allegations against him in July 1997, defendant threatened suicide, was admitted for psychiatric care to a hospital and lost his job in law enforcement. In September 1997, after learning that there was a warrant for his arrest, defendant took an overdose of medication and spent several weeks as an inpatient in a hospital psychiatric unit where he was diagnosed with "major depression" and prescribed antidepressants. Upon his release from the hospital, defendant was arrested and incarcerated—during which time the 12-count indictment was handed up—and upon his release on bail in late November 1997, he received outpatient treatment. The diagnosis of major depression was confirmed and he continued to take the prescribed antidepressants. After numerous court appearances, plea negotiations and conferences, defendant, represented by counsel, entered the subject plea of guilty on August 25, 1998 which was in full satisfaction of all charges in the indictment, as well as any potential charges that could be brought related to the victim's sister.

The attorney who represented defendant from his September 1997 arrest until his sentencing, an experienced criminal defense attorney, was subpoenaed by the People and testified that, throughout the course of this representation, defendant appeared to understand their conversations and the various proceedings. He had been aware that defendant was on medications and was being treated for depression and opined that while defendant sometimes had "questions that didn't seem appropriate" in the months prior to the plea, he believed that defendant understood the terms of the plea offer, that he was competent when he entered the plea and that he understood the proceedings. Notably, at the time defendant's motion to

withdraw his plea was denied without a hearing, the Trial Judge, who had participated in numerous pre-plea conferences and accepted defendant's plea, made similar observations (281 AD2d 751, 753, *supra*; *see, People v Tortorici*, 92 NY2d 757, 766-767, *cert denied* 528 US 834).

In support of his motion, defendant called as a witness the staff psychiatrist from the Albany Veterans' Administration Hospital who saw defendant upon his admission on August 26, 1998—the day after the plea—and who had provided the affidavit submitted on behalf of defendant in support of his motion to withdraw his plea. At the time of defendant's admission, the psychiatrist made an initial diagnosis that defendant had a bipolar (manic-depressive) disorder, depressed phase, of which he had a history, with suicidal thoughts. He testified that this diagnosis was necessarily based at that point only upon what defendant told him and defendant's medical history, and not on his observations over time or any mental status testing of defendant. The psychiatrist had previously seen defendant in April of that year as an outpatient, at which time defendant's previously prescribed antidepressant medications (Wellbutrin and Olanzapine) were continued. These psychotropic drugs had listed side affects which include mental confusion and "foggy" thinking, of which defendant complained on August 26, 1998. The psychiatrist testified that on that day defendant was coherent, alert, oriented, not psychotic or delirious or hallucinating, but that his thinking was slow. He opined that, had defendant presented with the same mental condition the day before, he would have considered his cognitive abilities to be significantly or grossly impaired, including his ability to reason and comprehend. In contrast, the discharge summary from defendant's medical records indicates that the psychiatrist who actually treated defendant as an inpatient during his postplea stay at the Veterans' Administration Hospital—who did not testify—made a different diagnosis, that of "depressive disorder," with no finding of a bipolar disorder. Also testifying to defendant's confused thinking at the time of the plea were his girlfriend, who has a history of a bipolar disorder, and a longtime friend, who is a nurse.

In denying defendant's motion, County Court credited defense counsel's testimony that defendant understood the criminal proceedings, including the plea terms and plea colloquy (*see, People v Tortorici, supra* at 767), and rejected the psychiatrist's bipolar diagnosis and finding of cognitive impairment as based upon defendant's statements which could easily have involved feigning mental illness. The court also noted the

absence of evidence that defendant's medications prevented him from understanding the plea and its consequences (see, People v Wilder, 246 AD2d 750, lv denied 91 NY2d 1014; People v Cummings, 194 AD2d 994, 995, lv denied 82 NY2d 752; cf., People v DeWolf, 155 AD2d 995, lv denied 75 NY2d 812).

Upon review of the transcript of the plea colloquy and the evidence presented at the hearing, we find that defendant did not present sufficient evidence to justify disturbing County Court's finding that the plea was entered knowingly, intelligently and voluntarily and that his psychiatric condition and medications did not affect his ability to understand the terms and consequences of the plea and to otherwise intelligently participate in the plea proceeding (see, People v McCann, 289 AD2d 703; People v Totman, 269 AD2d 617, lv denied 95 NY2d 839; People v Wilder, supra; People v Ribeiro, 245 AD2d 804, 804-805, supra; People v Hanna, 236 AD2d 742, lv denied 89 NY2d 1094; People v Dover, 227 AD2d 804, 805, lv denied 88 NY2d 984; People v Hart, 205 AD2d 943; People v Cummings, supra; see also, People v Russell, 286 AD2d 825; People v Jones, 247 AD2d 883, lv denied 91 NY2d 974). While it is clear from the record that defendant had some history of mental illness which raised factual issues concerning his competency at the time of the plea allocution, there is sufficient evidence in the record to support County Court's decision.

Finally, under the facts presented herein, we cannot agree with defendant's contention that the failure of defense counsel to request a CPL article 730 competency hearing prior to his plea constituted ineffective assistance of counsel (see, People v Baldi, 54 NY2d 137; People v Perrotti, 257 AD2d 776, 778, lv denied 93 NY2d 901; People v Medina, 249 AD2d 694; see also, People v Tortorici, 249 AD2d 588, 593, affd 92 NY2d 757, 767-768).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.