# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**708**

**KA 12-00372**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANTHONY A. WEAKFALL, JR., DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 24, 2009. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [2]). Defendant, who was 15 years old, physically abused his girlfriend's 20-month-old daughter over the course of several weeks. On November 21, 2008, he beat the child for approximately one hour and then left her alone for several hours in the residence, where she died from multiple blunt force traumatic injuries.

County Court properly denied defendant's motion to suppress his statements to the police that were made while he was questioned for approximately one hour before being advised of his *Miranda* rights. Due to the initial statements of the child's mother and defendant that a babysitter was responsible for the child's death, the police treated defendant as a witness. During that one-hour period, "the questioning was investigative, not accusatory" (*People v Centano*, 76 NY2d 837, 838) and, according to the testimony of a police witness at the suppression hearing, defendant was "free to leave the unlocked interview room at any time" (*see id.*; *cf. People v Lee*, 96 AD3d 1522, 1526). The atmosphere of the interview was not "coercive" (*Centano*, 76 NY2d at 838), and the interview was approximately one hour in duration (*see People v Cordato*, 85 AD3d 1304, 1309-1310, *lv denied* 17 NY3d 815). As soon as defendant admitted his involvement, the police treated him as a suspect, read defendant his *Miranda* rights, and complied with the procedural protections of CPL 120.90 (7) and Family Court Act § 305.2. We thus agree with the suppression court that

defendant was not "in custody" during that one-hour period for purposes of *Miranda*, CPL 120.90 (7), or Family Court Act § 305.2 (*see Centano*, 76 NY2d at 837-838; *People v Kelley*, 91 AD3d 1318, 1318, *lv denied* 19 NY3d 963).

By pleading guilty, defendant forfeited his present challenge to the sufficiency of the evidence before the grand jury (*see People v Plunkett*, 19 NY3d 400, 405-406; *People v Hansen*, 95 NY2d 227, 233; *People v Kazmarick*, 52 NY2d 322, 326). Defendant failed to preserve for our review his further contention that the court violated the terms of the plea bargain by stating at sentencing that the parole board should consider defendant's age and the nature of the crime (*see* CPL 470.05 [2]). In any event, defendant's contention is without merit because the court's statement "is not binding on the State Board of Parole" (*People v Van Luc*, 222 AD2d 1111, 1112, *lv denied* 87 NY2d 1026; *see* Executive Law § 259-i [2] [c] [A]).

Defendant's bargained-for sentence of a term of incarceration of 13 years to life is not unduly harsh or severe. Defendant's claim regarding the voluntariness of his plea is not preserved for our review because defendant did not move to withdraw his plea or move to vacate the judgment of conviction (*see People v Rosado*, 70 AD3d 1315, 1315, *lv denied* 14 NY3d 892). In any event, the record demonstrates that defendant's plea was knowing, voluntary, and intelligent (*see People v Seeber*, 4 NY3d 780, 781-782). Contrary to the further contention of defendant, the court properly denied his motion to transfer the action to Family Court because the People did not consent to the transfer (*see* CPL 210.43 [1] [b]). Also contrary to defendant's contention, the court was not required to conduct a hearing on the issue whether the action should be transferred to Family Court (*see* CPL 210.43 [3]).

Entered: July 5, 2013                                    Frances E. Cafarell
                                                          Clerk of the Court