# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**899**

**KA 09-01313**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DARIANA VARGAS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 19, 2009. The judgment convicted defendant, upon her plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]). We reject defendant's contention that the oral and written statements she made to police investigators should have been suppressed because she was in custody at the time those statements were made. County Court's determination after a *Huntley* hearing that defendant was not in custody at that time will not be disturbed unless it is clearly erroneous (*see People v Schroo*, 87 AD3d 1287, 1288, *lv denied* 19 NY3d 977). Here, the court's decision to credit the testimony of the police investigator over that of defendant is entitled to deference (*see People v Shaw*, 66 AD3d 1417, 1417-1418, *lv denied* 14 NY3d 773), and the record supports the court's conclusion that defendant was not in custody because a reasonable person in defendant's position, innocent of any crime, would have believed that he or she was free to leave (*see People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *see generally People v Morales*, 281 AD2d 182, 182, *lv denied* 96 NY2d 922). Defendant voluntarily accompanied the police investigators to their unmarked vehicle that was parked in front of her home and voluntarily answered questions (*see Yukl*, 25 NY2d at 591). Defendant was informed that she was free to leave, the vehicle doors were unlocked and could be opened by her at any time, the entire interview lasted slightly under an hour, she was not handcuffed, and she never asked to leave (*see People v Weakfall*, 108 AD3d 1115, 1115-1116; *see also People v Wilbert*, 192 AD2d 1109, 1109-1110, *lv denied* 81 NY2d 1082; *People v Anderson*, 145 AD2d 939, 939-940, *lv denied* 73

NY2d 974).

    We reject defendant's further contention that she was denied effective assistance of counsel at the *Huntley* hearing.  Defendant was provided meaningful representation inasmuch as the facts and circumstances relevant to the determination of whether defendant was in custody when she was questioned were brought to the court's attention (*see People v Baldi*, 54 NY2d 137, 150; *see generally People v Centano*, 76 NY2d 837, 838; *People v Johnson*, 91 AD2d 327, 330, *affd* 61 NY2d 932; *People v Arcese*, 148 AD2d 460, 461, *lv denied* 74 NY2d 661), and mere speculation that a more vigorous cross-examination might have undermined the credibility of the People's witness is insufficient to establish that defense counsel was ineffective (*see People v Wittman*, 103 AD3d 1206, 1207, *lv denied* 21 NY3d 915).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court