# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**495**

**KA 09-00388**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

ROBERT D. BREWER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (WILLIAM T. EASTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered January 9, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree ([CPW 2d] Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress his written statement to the police. We reject that contention. Contrary to defendant's contention, he was not in custody before giving his statement.

After being released from jail on unrelated charges, defendant was approached by an investigator from the Elmira Police Department, who asked defendant if he would "come down and talk to" an investigator. Defendant agreed, entered the investigator's vehicle, and was driven half of a block to the police station. At the station, defendant agreed to wait there to speak to members of the Rochester Police Department (RPD). Defendant waited, unrestrained, with his girlfriend in an office. Approximately two hours later, an RPD investigator arrived and took defendant to a separate office. Defendant agreed to waive his *Miranda* rights, and was interviewed for "approximately a little over half an hour" to 45 minutes. During that interview, defendant provided the investigator with a written statement. At no point were any promises or threats made to defendant, and at no time did defendant ask for an attorney, for an end to the interview, or for permission to leave the room. Defendant was unrestrained during the entire period.

It is well settled that the test for determining whether a defendant is in custody or has been subjected to a de facto arrest is "what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant's position" (*People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *see People v Hicks*, 68 NY2d 234, 240; *People v Kelley*, 91 AD3d 1318, 1318, *lv denied* 19 NY3d 963). Here, defendant voluntarily accompanied the police officers to the station, was not handcuffed, was permitted to sit with his girlfriend, and "was not subjected to lengthy, coercive or accusatory questioning" (*People v Brown*, 111 AD3d 1385, 1385, *lv denied* 22 NY3d 1155; *see People v Vargas*, 109 AD3d 1143, 1143, *lv denied* 22 NY3d 1044; *People v Towsley*, 53 AD3d 1083, 1084, *lv denied* 11 NY3d 795). "The mere fact that the police may have suspected defendant of having [been involved in a murder] prior to questioning him at the station does not compel a finding that defendant was in custody" (*People v Smielecki*, 77 AD3d 1420, 1421, *lv denied* 15 NY3d 956). We thus conclude that "a reasonable person, innocent of any crime, would not have thought he or she was in custody if placed in defendant's position" (*id.*).

Defendant further contends that the sentence imposed on the CPW 2d count is unduly harsh and severe. Defendant was acquitted of felony murder and attempted robbery, and the jury was deadlocked on the charge of intentional murder. The court took a partial verdict on the CPW 2d count, sentenced defendant on that count alone, and ordered a new trial on the intentional murder count (*People v Brewer* [appeal No. 2], ___ AD3d ___ [June 20, 2014]). In his written statement, defendant admitted that he had been hired by a codefendant to kill another person and that he had proceeded to the designated location with a loaded and operable firearm with the intent to use that firearm against the victim. Regardless whether defendant changed his mind after arriving at the designated location, the crime of CPW 2d already had been completed. Moreover, a codefendant used defendant's gun to commit the murder. Given those circumstances and the nature of the crime, we see no basis to modify the sentence imposed.

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court