# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**33**

**KA 12-02108**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICKEY A. DARLING, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (JOSEPH M. CALIMERI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered September 10, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that County Court failed to ensure that he had a full understanding of his plea, and that his plea therefore was not knowing, voluntary and intelligent. Defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Russell*, 55 AD3d 1314, 1314-1315, *lv denied* 11 NY3d 930; *People v Harrison*, 4 AD3d 825, 826, *lv denied* 2 NY3d 740). Furthermore, the narrow exception to the preservation rule does not apply because defendant said nothing during the plea colloquy that "clearly casts significant doubt upon [his] guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666; *see People v Bishop*, 115 AD3d 1243, 1244, *lv denied* 23 NY3d 1018). In any event, the record demonstrates that defendant's plea was knowing, voluntary and intelligent (*see People v Cox*, 111 AD3d 1310, 1310, *lv denied* 23 NY3d 1025; *People v Weakfall*, 108 AD3d 1115, 1116, *lv denied* 21 NY3d 1078; *see generally People v Seeber*, 4 NY3d 780, 781-782). Contrary to defendant's contention, "there is no requirement that defendant recite the underlying facts of the crime to which he is pleading guilty" (*People v Bailey*, 49 AD3d 1258, 1259, *lv denied* 10 NY3d 932).

The sentence is not unduly harsh or severe.

Frances E. Cafarell
Clerk of the Court