People v Morris (2019 NY Slip Op 05264)





People v Morris


2019 NY Slip Op 05264


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


25 KA 18-00335

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
STEVEN MORRIS, DEFENDANT-RESPONDENT. 






PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (WENDY EVANS LEHMANN OF COUNSEL), FOR APPELLANT. 
ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Chautauqua County Court (David W. Foley, J.), dated December 21, 2017. The order granted that part of defendant's omnibus motion seeking to suppress certain statements. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress defendant's statements is denied, and the matter is remitted to Chautauqua County Court for further proceedings on the indictment.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to suppress certain statements that he made during the investigation of his alleged unlawful sexual contact with a three-year-old child. We agree with the People that County Court erred in suppressing defendant's oral statements made to the mother of the alleged victim during a controlled telephone call that was recorded by the police. Although it is undisputed that the mother was acting as an agent of the police when she made the controlled call (see People v Taplin, 1 AD3d 1044, 1045 [4th Dept 2003], lv denied 1 NY3d 635 [2004]), we conclude that the mother "did not make a threat [or a promise] that would create a substantial risk that defendant might falsely incriminate himself" (People v Bradberry, 131 AD3d 800, 802 [4th Dept 2015], lv denied 26 NY3d 1086 [2015] [internal quotation marks omitted]; see CPL 60.45 [2] [b] [i]; see also People v Price, 285 AD2d 616, 616 [2d Dept 2001], lv denied 97 NY2d 708 [2002]; People v Huntley, 259 AD2d 843, 845-846 [3d Dept 1999], lv denied 93 NY2d 972 [1999]). We further conclude that the controlled call did not constitute an unconstitutionally coercive police tactic; nor were the tactics employed by the mother during the call unconstitutionally coercive (see generally CPL 60.45 [2] [b] [ii]; People v Thomas, 22 NY3d 629, 641-645 [2014]). "Police may generally engage in deception while investigating a crime" (People v Colbert, 60 AD3d 1209, 1211 [3d Dept 2009]), and "[d]eceptive police stratagems in securing a statement need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession' " (People v Dishaw, 30 AD3d 689, 690 [3d Dept 2006], lv denied 7 NY3d 787 [2006], quoting People v Tarsia, 50 NY2d 1, 11 [1980]; see Bradberry, 131 AD3d at 802). In this case, we conclude that "there was no such showing" (Bradberry, 131 AD3d at 802; cf. Thomas, 22 NY3d at 645; see generally People v Clark, 139 AD3d 1368, 1369 [4th Dept 2016], lv denied 28 NY3d 928 [2016]).
We also agree with the People that the court erred in suppressing statements made by defendant during an interview with investigators from the Chautauqua County Sheriff's Office based upon a purported Miranda violation. It is well established that "both the elements of police custody' and police interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by Miranda" (People v Huffman, 41 NY2d 29, 33 [1976]; see People v Hailey, 153 AD3d 1639, 1640 [4th Dept 2017], lv denied 30 NY3d 1060 [2017]). Here, the evidence at the Huntley [*2]hearing established that the investigators subjected defendant to interrogation. Contrary to the court's conclusion, however, the evidence also established that defendant was not in custody when he made the statements.
"The standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d 122, 129 [2005]). The test is "not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant's position" (People v Figueroa, 156 AD3d 1348, 1348 [4th Dept 2017], lv denied 31 NY3d 1013 [2018] [internal quotation marks omitted]; see People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). In this case, although defendant's interview occurred at the Sheriff's Office, that fact "does not necessarily mean that he is to be considered in custody' " (Yukl, 25 NY2d at 589). Defendant voluntarily agreed to meet the investigators at the Sheriff's Office and arranged for his own transportation to and from the interview (see People v Eriksen, 145 AD3d 1110, 1111-1112 [3d Dept 2016], lv denied 28 NY3d 1183 [2017]; People v Drennan, 81 AD3d 1279, 1279 [4th Dept 2011], lv denied 16 NY3d 858 [2011], reconsideration denied 17 NY3d 816 [2011]). When defendant arrived, the investigators informed him that he was free to leave (see People v Vargas, 109 AD3d 1143, 1143 [4th Dept 2013], lv denied 22 NY3d 1044 [2013]; People v Weakfall, 108 AD3d 1115, 1115-1116 [4th Dept 2013], lv denied 21 NY3d 1078 [2013]). In fact, defendant left the Sheriff's Office at the conclusion of the interview despite making inculpatory statements. Further, defendant was not restrained during the interview, and the door to the interview room was unlocked (see People v Cade, 110 AD3d 1238, 1239 [3d Dept 2013], lv denied 22 NY3d 1155 [2014]; Weakfall, 108 AD3d at 1115-1116). Although the investigators confronted defendant with the statements that he made during the controlled call, the fact that the questioning may have turned accusatory in nature did not render the interview custodial given the other circumstances present in this case (see People v Brown, 153 AD3d 1664, 1665 [4th Dept 2017], lv denied 30 NY3d 1103 [2018]; People v Hernandez, 25 AD3d 377, 378 [1st Dept 2006], lv denied 6 NY3d 834 [2006]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court