■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY J. MATTOX, Appellant.—Adjudication unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Adjudication of Steuben County Court, Purple, Jr., J.—Youthful Offender.) Present—Denman, P. J., Boomer, Pine, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR AMES, Appellant.—Appeal unanimously dismissed. Memorandum: As a condition of a negotiated plea bargain, defendant waived his right to appeal (see, People v Moissett, 76 NY2d 909; People v Seaberg, 74 NY2d 1).

Inasmuch as the record demonstrates that the waiver was knowingly, intelligently and voluntarily made, defendant's appeal is dismissed (see, People v Ford, 176 AD2d 1224; People v Johnson, 166 AD2d 899, lv denied 77 NY2d 840). Defendant argues for the first time on appeal that his plea of guilty was not voluntarily and knowingly entered because he was taking anti-depression medication at the time. By failing to make a postplea motion before Supreme Court to withdraw or vacate, defendant has failed to preserve this issue for our review (see, People v Bell, 47 NY2d 839; People v Bouges, 129 AD2d 967; see also, People v Claudio, 64 NY2d 858; cf., People v Gomez, 174 AD2d 949, lv denied 79 NY2d 827; People v Seger, 171 AD2d 892, lv dismissed 78 NY2d 1081). The record as a whole establishes that defendant's guilty plea was knowingly, intelligently and voluntarily entered in the presence of and with the aid of counsel and after the court had fully apprised defendant of the consequences of his plea (see, People v Harris, 61 NY2d 9; People v Mercedes, 171 AD2d 1044, lv denied 77 NY2d 998; People v O'Keefe, 170 AD2d 1020, lv denied 77 NY2d 965; People v Gomez, 142 AD2d 649, lv dismissed 73 NY2d 786). Because the record demonstrates that defendant had a rational and factual understanding of the proceedings, Supreme Court did not err in failing to make a further inquiry of the effect of the medication on defendant's mental condition (cf., People v Hampton, 171 AD2d 1071). The sentence imposed was neither harsh nor excessive. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Assault, 1st Degree.) Present—Denman, P. J., Boomer, Pine, Balio and Fallon, JJ.