■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY T. LEAR, Appellant. [796 NYS2d 293]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered June 19, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree and sexual abuse in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted course of sexual conduct against a child in the first degree (Penal Law § 110.00, former § 130.75 [1] [a]) and sexual abuse in the second degree (§ 130.60 [2]). At the time of sentencing, defendant moved to withdraw his plea on the sole ground that he was not fully informed of the charges against him. Thus, defendant failed to preserve for our review his current contention that the plea was involuntary because County Court failed to make a sufficient inquiry into the effect of his medication on his mental state (*see People v Spivey*, 9 AD3d 886, 886-887 [2004], *lv denied* 3 NY3d 712 [2004]). Were we to reach the merits of that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), we would conclude that, "[b]ecause the record demonstrates that defendant had a rational and factual understanding of the proceedings, [the court] did not err in failing to make a further inquiry of the effect of the medication on defendant's mental condition" (*People v Ames*, 184 AD2d 1083, 1083 [1992], *lv denied* 80 NY2d 1025 [1992]).

The contention of defendant concerning the severity of the sentence is encompassed by his general waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). In any event, the sentence is not unduly harsh or severe. Present— Scudder, J.P., Kehoe, Martoche, Smith and Hayes, JJ.