■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SMITH, Appellant. [866 NYS2d 466]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered April 25, 2007. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of rape in the third degree (Penal Law § 130.25 [2]). Contrary to the contention of defendant, Supreme Court properly denied his motion to withdraw his guilty plea. The record establishes that defendant's plea was

knowingly, intelligently and voluntarily entered (*see People v Wilson,* 38 AD3d 1326 [2007], *lv denied* 9 NY3d 853 [2007]; *People v Smith,* 5 AD3d 1095, 1095-1096 [2004], *lv denied* 2 NY3d 807 [2004]; *see generally People v Fiumefreddo,* 82 NY2d 536, 543-544 [1993]). Also contrary to the contention of defendant, he was afforded a sufficient opportunity to be heard on his motion to withdraw the plea (*see People v Irvine,* 42 AD3d 949 [2007], *lv denied* 9 NY3d 962 [2007]; *People v Peters,* 302 AD2d 869 [2003], *lv denied* 100 NY2d 541 [2003]).

Defendant further contends that the court should have conducted a *Frye* hearing on the issue whether the Y-STR DNA analysis performed on samples taken from the victim's rape kit and from defendant was admissible in evidence. By pleading guilty, however, defendant forfeited any objection to the admissibility of the DNA analysis (*see People v Hansen,* 95 NY2d 227, 230-232 [2000]; *People v Joyner,* 19 AD3d 1129 [2005]; *People v Williams,* 288 AD2d 409 [2001], *lv denied* 98 NY2d 656 [2002]).

Finally, defendant's valid waiver of the right to appeal "includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction to reduce the sentence" (*People v Lopez,* 6 NY3d 248, 255 [2006]). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.