# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**923**

**KA 09-00393**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MCARTHUR DAVIS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 6, 2009. The judgment convicted defendant, upon his plea of guilty, of murder in the first degree, murder in the second degree (two counts), and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count each of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and robbery in the first degree (§ 160.15 [1]), and two counts of murder in the second degree (§ 125.25 [1], [3]). Contrary to defendant's contention, the record establishes that his waiver of the right to appeal was knowingly, intelligently and voluntarily entered (*see People v Lopez*, 6 NY3d 248, 256; *People v Aguayo*, 37 AD3d 1081, 1081, *lv denied* 8 NY3d 981; *People v Peterson*, 35 AD3d 1195, 1196, *lv denied* 8 NY3d 926). Although defendant's contention that he was coerced into pleading guilty and thus that the plea was not voluntarily entered survives his waiver of the right to appeal, defendant did not move to withdraw the plea or to vacate the judgment of conviction and therefore failed to preserve that contention for our review (*see People v Harrison*, 4 AD3d 825, 826, *lv denied* 2 NY3d 740; *People v Williams*, 272 AD2d 986, 986). Defendant's plea of guilty forecloses his present challenge to County Court's evidentiary rulings (*see People v Hansen*, 95 NY2d 227, 230-231).

The further contention of defendant that he was denied effective assistance of counsel "does not survive his guilty plea or his waiver of the right to appeal because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective

assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Dean*, 48 AD3d 1244, 1245, *lv denied* 10 NY3d 839 [internal quotation marks omitted]).  In any event, it is well settled that, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).  We conclude on the record before us that defendant was afforded meaningful representation (*see generally id.*).

Contrary to defendant's further contention, "there is no evidence in the record indicating an abuse of discretion by the court in denying the motion for substitution of counsel where[, as here, the] defendant failed to proffer specific allegations of a 'seemingly serious request' that would require the court to engage in a minimal inquiry" (*People v Porto*, 16 NY3d 93, 100; *see People v Sides*, 75 NY2d 822, 824).  Finally, defendant challenges the severity of the sentence.  However, his waiver of the right to appeal " ' includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction to reduce the sentence' " (*People v Smith*, 55 AD3d 1409, 1410, *lv denied* 11 NY3d 930, quoting *Lopez*, 6 NY3d at 255).

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court