# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

130

KA 11-02011

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                                    MEMORANDUM AND ORDER

JOSE ALVARADO, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered August 8, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in admitting certain recorded conversations in evidence at trial before he pleaded guilty. By pleading guilty, defendant forfeited his right to seek our review of that contention. " 'A guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings' " (*People v Leary*, 70 AD3d 1394, 1395, *lv denied* 14 NY3d 889, quoting *People v Fernandez*, 67 NY2d 686, 688). "This is so because a defendant's 'conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial' . . . A guilty plea will thus . . . effect a forfeiture of the right to revive certain claims made prior to the plea" (*People v Hansen*, 95 NY2d 227, 230). Here, defendant challenges the admissibility of the recordings, both at the audibility hearing and at the trial. Issues arising from an audibility hearing are forfeited by a plea of guilty (*see People v Jiminez*, 277 AD2d 956, 956-957, *lv denied* 96 NY2d 784), as are challenges to evidentiary rulings made during trial (*see People v Davis*, 99 AD3d 1228, 1229).

Finally, the sentence is not unduly harsh or severe.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court