# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1091

KA 12-00971

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

EDGAR P. ATCHISON, DEFENDANT-APPELLANT.

---

ANTHONY J. LANA, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 2, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, unlawful fleeing a police officer in a motor vehicle in the third degree and reckless driving.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment for criminal possession of a weapon in the second degree to a determinate term of 10 years and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that he was deprived of a fair trial by improper and prejudicial comments made by the prosecutor during his cross-examination of a defense witness. Specifically, defendant contends that the prosecutor, in asking the defense witness whether she told the prosecutor in a meeting prior to trial that she was afraid of defendant, testified to facts not in evidence and thereby placed the prosecutor's credibility at issue. Although we agree with defendant that the prosecutor's questions about the witness's statements to him were improper (*see generally People v Paperno*, 54 NY2d 294, 300-301; *People v Blake*, 139 AD2d 110, 114), we conclude that Supreme Court's failure to sustain defense counsel's objection to the line of questioning is harmless error. The evidence of guilt is overwhelming, and there is no reasonable possibility that the jury would have acquitted defendant if the prosecutor had not improperly placed his own credibility at issue before the jury (*see generally People v Crimmins*, 36 NY2d 230, 237). We note in particular that defendant admitted at trial that he possessed the firearm in question, but claimed that his possession was temporary and innocent. According to defendant, the gun belonged to someone else, and the only

time he possessed the weapon was when he threw it out of the window of his moving vehicle, which the police were pursuing.  Even accepting defendant's testimony as true, we conclude that his conduct was "utterly at odds with any claim of innocent possession" (*People v Williams*, 50 NY2d 1043, 1045; *see People v McCoy*, 46 AD3d 1348, 1350, *lv denied* 10 NY3d 813).

We agree with defendant, however, that the sentence imposed for criminal possession of a weapon in the second degree—a determinate term of imprisonment of 15 years plus a term of postrelease supervision of five years, the maximum punishment permitted by law—is unduly harsh and severe.  Defendant has no prior felony convictions, and he served four years in the United States Navy, receiving an honorable discharge.  Also, it is undisputed that defendant did not threaten anyone with the weapon or use it in a violent manner. Although we are mindful that defendant's actions endangered the lives of innocent people, including the police officers who were pursuing his vehicle, we conclude that the maximum punishment is not warranted. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence imposed for criminal possession of a weapon in the second degree to a determinate term of imprisonment of 10 years (*see generally* CPL 470.15 [6] [b]), to be followed by the five-year period of postrelease supervision imposed by the court.

We have reviewed defendant's remaining contention and conclude that it lacks merit.

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court