# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1386

KA 10-01797

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

FABRICE LOWE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered June 8, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment to a determinate term of five years and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. The police found a loaded firearm inside a vehicle in which defendant was a backseat passenger. The firearm was located on the floor toward the rear of the driver's seat, directly in front of where defendant was seated. County Court properly instructed the jurors that the statutory presumption of possession set forth in Penal Law § 265.15 (3) applies and, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not contrary to the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally id.*).

We reject defendant's further contention that the court abused its discretion in refusing to grant him youthful offender status (*see People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961; *People v Potter*, 13 AD3d 1191, 1191, *lv denied* 4 NY3d 889), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant

a youthful offender (*see Guppy*, 92 AD3d at 1243).  We agree with defendant, however, that his sentence, a determinate term of imprisonment of 10 years plus five years of postrelease supervision, is unduly harsh and severe.  Defendant has no prior criminal record and, in fact, this was his first arrest.  In addition, "it is undisputed that defendant did not threaten anyone with the weapon or use it in a violent manner" (*People v Atchison*, 111 AD3d 1319, 1320).  Under the circumstances, we exercise our discretion to modify the judgment in the interest of justice by reducing the sentence imposed to a determinate term of imprisonment of five years (*see generally* CPL 470.15 [6] [b]), to be followed by the five-year period of postrelease supervision imposed by the court.

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  January 3, 2014                        Frances E. Cafarell
                                                 Clerk of the Court