# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

580
KA 12-00897
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHADAJE MOBLEY, DEFENDANT-APPELLANT.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 26, 2011. The judgment convicted defendant, upon her plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). We agree with defendant that her waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see People v Hamilton*, 49 AD3d 1163, 1164). Indeed, on this record there is no basis upon which to conclude that the court ensured "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256).

Defendant did not move to withdraw the plea or vacate the judgment of conviction, and therefore failed to preserve for our review her contention that the plea was not knowingly, voluntarily, and intelligently entered (*see People v Robinson*, 112 AD3d 1349, 1349). Contrary to her contention, "this case does not fall within the rare exception to the preservation requirement because nothing in the plea allocution calls into question the voluntariness of the plea or casts 'significant doubt' upon [her] guilt" (*id.*, quoting *People v Lopez*, 71 NY2d 662, 666).

Finally, defendant contends that the court abused its discretion

in denying her request for youthful offender status and that the sentence, a determinate term of imprisonment of seven years plus five years of postrelease supervision, is unduly harsh and severe. We reject those contentions.

In her initial statement to the police, defendant stated that she, her fiancé and her fiancé's brother burglarized a home. She entered the home through a window late at night, and proceeded to open the door for the codefendants. Defendant acted as a lookout while the codefendants took numerous items of property, including a credit card with a woman's name on it. The next day defendant used that credit card multiple times, amassing over $6,000 in charges. Defendant agreed to plead guilty to the burglary charge, promising that she would cooperate in the prosecution of the codefendants. In exchange for her truthful testimony, she would receive a youthful offender adjudication and a sentence of probation. Defendant was granted pretrial release. Due to problems the prosecutor was encountering, defendant was returned to court for an amplified allocution, during which defendant was sworn. At that time defendant again implicated the codefendants, while specifically denying that her brother was involved. The week before the codefendants' trial, defendant was returned to court, whereupon she was again informed that her plea agreement was conditioned on her truthful testimony at the codefendants' trial.

Nevertheless, at the codefendants' trial, defendant testified that she was unable to recall any of the details of the burglary or even her own involvement in that burglary. Specifically, she did not remember ever committing a burglary with the codefendants. With respect to her use of the credit card, defendant testified that her brother gave her the card and that the codefendants had nothing to do with it. Defendant explained that her statement to the police was her attempt to cover for her brother.

Based on " 'the gravity of the crime[,] . . . [the] manner in which it was committed . . . , defendant's attitude toward society and [her lack of] respect for the law' " (*People v Amir W.*, 107 AD3d 1639, 1640), we conclude that the court did not abuse its discretion in denying defendant's request for youthful offender status (*see People v Lowe*, 113 AD3d 1133, 1134; *People v Jones*, 107 AD3d 1611, 1611, *lv denied* 21 NY3d 1043, *reconsideration denied* 22 NY3d 956). We further conclude that the sentence is not unduly harsh or severe. Defendant perjured herself, made a mockery of the criminal justice system and chose to violate her extremely advantageous plea agreement in an attempt to protect her fiancé and his brother. While we recognize that defendant was only 18 years old at the time of the offense and had no prior convictions, she was an intelligent young woman who made a deliberate choice, yet again, to violate the law for her own personal interests.

All concur except CENTRA and LINDLEY, JJ., who dissent and vote to modify in the following Memorandum: We respectfully dissent in part because we believe that the sentence is unduly harsh and severe, and we therefore would modify the judgment by reducing the sentence of

imprisonment as a matter of discretion in the interest of justice. Defendant gave a statement to the police admitting her involvement in the burglary and implicated the two codefendants.  Defendant was promised a sentence of youthful offender treatment and probation as part of the plea bargain, which required her to cooperate in the prosecution of the case against the codefendants.  At the codefendants' trial, however, defendant testified that she did not remember committing a burglary with the codefendants.  We agree with County Court that defendant violated the plea agreement and further conclude that the court did not abuse its discretion in denying defendant's request for youthful offender status (*see People v Lowe*, 113 AD3d 1133, 1134).  Nevertheless, in our view the sentence, a determinate term of imprisonment of seven years plus five years of postrelease supervision, is unduly harsh and severe.  Defendant was 18 years old at the time of the offense and had no prior convictions. Defendant reported to the probation officer that she graduated as valedictorian of a prepatory high school and attended college for two semesters.  The codefendants were brothers, and one of them was the father of one of defendant's two young children.  Defendant was granted pretrial release after pleading guilty, and she notes on appeal that she was under tremendous pressure at the codefendants' trial.  Under the circumstances, we would reduce the sentence of imprisonment imposed to a determinate term of four years (*see generally* CPL 470.15 [6] [b]).

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court