# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

26

KA 14-00823

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KARL KARLSEN, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered December 16, 2013. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [2]). Defendant contends that his statements to his wife should have been ruled inadmissible pursuant to the statutory privilege for marital communications (*see* CPLR 4502 [b]; *see also* CPL 60.10). We conclude that defendant's challenge to County Court's pretrial evidentiary ruling does not survive but rather was forfeited by his plea of guilty (*see People v Alvarado*, 103 AD3d 1101, 1101, *lv denied* 21 NY3d 910; *People v Davis*, 99 AD3d 1228, 1229, *lv denied* 20 NY3d 1010; *see also People v Hutter*, 143 AD3d 574, 575, *lv denied* 28 NY3d 1125; *see generally People v Campbell*, 73 NY2d 481, 486).

We reject defendant's further contentions that his statements to the police should have been suppressed on the grounds that he did not validly waive his *Miranda* rights at the outset of the interrogation, that he requested counsel during the interview, and that his statements were involuntarily made in violation of his due process rights, on account of the 9½-hour length and other circumstances of the interrogation. The suppression hearing testimony supports the court's determination that, until near the end of the interrogation session, the situation was such that "a reasonable man, innocent of any crime," who was "in the defendant's position," would have believed that he was free to leave the police station (*People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *see People v Vargas*, 109 AD3d 1143, 1143, *lv denied* 22 NY3d 1044). In any event, the record supports the court's determination that defendant was read his *Miranda* warnings at

the outset of the interrogation and waived his rights, agreeing to speak with investigators in the absence of counsel (*see People v Pierce*, 142 AD3d 1341, 1341-1342; *People v Carbonaro*, 135 AD3d 1543, 1547-1548, *lv denied* 27 NY3d 994, *reconsideration denied* 27 NY3d 1149). We further conclude that the record supports the court's determination that defendant did not, at any time during the interrogation, unequivocally request the assistance of counsel (*see People v Schluter*, 136 AD3d 1363, 1364, *lv denied* 27 NY3d 1138; *People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795; *People v Ashraf*, 186 AD2d 1057, 1057-1058, *lv denied* 80 NY2d 1025).

Based on the record of the suppression hearing, which includes a videotape of the interrogation, we conclude that defendant's statements were not elicited by the police in violation of defendant's due process rights (*see generally Colorado v Connelly*, 479 US 157, 167; *People v Mateo*, 2 NY3d 383, 413, *cert denied* 542 US 946). "It is axiomatic that the length of the interrogation period 'does not, by itself, render the statement[s] involuntary' " (*People v Clark*, 139 AD3d 1368, 1369, *lv denied* 28 NY3d 928; *see People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892). In any event, taking into account that defendant was not in custody for nearly all of the interrogation, we conclude that the length of the interrogation in this case was not such that it deprived defendant of due process (*see Clark*, 139 AD3d at 1369; *People v Gega*, 74 AD3d 1229, 1231, *lv denied* 15 NY3d 851, *reconsideration denied* 15 NY3d 920; *see also People v Guilford*, 21 NY3d 205, 212-215; *see generally People v Anderson*, 42 NY2d 35, 39). Nothing in the record before us supports defendant's contention that the police employed physical or psychological tactics that were "so fundamentally unfair as to deny [him] due process" and "induce a false confession" (*People v Bradberry*, 131 AD3d 800, 802 [internal quotation marks omitted]; *see People v Tarsia*, 50 NY2d 1, 11). Based on the totality of the circumstances, we conclude that defendant's will was not overborne and that his statements to the police were voluntarily made (*see Clark*, 139 AD3d at 1369; *People v Sylvester*, 15 AD3d 934, 935, *lv denied* 4 NY3d 836; *see generally Mateo*, 2 NY3d at 413).

Defendant's contention that the court erred in accepting his guilty plea is unpreserved for our review, inasmuch as defendant did not move to withdraw the plea or vacate the judgment of conviction (*see* CPL 220.60 [3]; *see also* CPL 440.10), and nothing on the face of the record calls into question the voluntariness of the plea or casts significant doubt upon defendant's guilt (*see People v Mobley*, 118 AD3d 1336, 1337, *lv denied* 24 NY3d 1121; *People v Robinson*, 112 AD3d 1349, 1349, *lv denied* 23 NY3d 1042). In any event, there is no merit to the contention. Defendant was not entitled to assurances at the time of the plea that California would not prosecute him for an unrelated homicide, and defendant's plea of guilty was not induced by the contemporaneous expressions of irresolution or uncertainty whether California might do so. Further, the court did not fail to discharge any duty that it might have been under to inquire into defendant's mental capacity to plead guilty (*see generally People v Taylor*, 13 AD3d 1168, 1169-1170, *lv denied* 4 NY3d 836). Nothing on the face of the record demonstrates that defendant lacked a rational understanding

of the nature and consequences of his plea (*see People v Young*, 66 AD3d 1445, 1446, *lv denied* 13 NY3d 912; *People v Lear*, 19 AD3d 1002, 1002, *lv denied* 5 NY3d 807).

To the extent that defendant's claims of ineffective assistance of counsel survive his guilty plea (*see generally People v VanVleet*, 140 AD3d 1633, 1633, *lv denied* 28 NY3d 938; *People v Lucieer*, 107 AD3d 1611, 1612), we conclude that those claims lack merit. Defendant received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court