# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

75

KA 14-00845

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

WILLIAM HIBBARD, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

WILLIAM HIBBARD, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered March 20, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20). Preliminarily, we note that defendant's waiver of the right to appeal is not valid. The perfunctory inquiry made by County Court during the colloquy was not sufficient "to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Beaver*, 128 AD3d 1493, 1494 [internal quotation marks omitted]). Moreover, although the record includes a signed written waiver of the right to appeal, there was no "attempt by the court to ascertain on the record an acknowledgment from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents" and understood them (*People v Callahan*, 80 NY2d 273, 283; *see People v Bradshaw*, 18 NY3d 257, 265-267; *cf. People v Bryant*, 28 NY3d 1094, 1095-1096).

Defendant's challenge in his main brief to the factual sufficiency of the plea allocution is not preserved for our review (*see People v Lugg*, 108 AD3d 1074, 1075; *see generally People v Lopez*, 71 NY2d 662, 665) and is lacking in merit in any event. No factual basis for the plea is required where, as here, "a defendant enters a negotiated plea to a lesser crime than the one charged" (*People v Johnson*, 23 NY3d 973, 975; *see People v Gibson*, 140 AD3d 1786, 1787, *lv denied* 28 NY3d 1072).

Defendant's contention in his pro se supplemental brief that the court erred in accepting the guilty plea notwithstanding defendant's mental health history is likewise not preserved for our review (*see generally People v Mobley*, 118 AD3d 1336, 1337, *lv denied* 24 NY3d 1121). In any event, the court properly accepted the guilty plea after conducting an appropriate inquiry into defendant's history of mental health problems. A "history of prior mental illness or treatment does not itself call into question defendant's competence" (*People v Taylor*, 13 AD3d 1168, 1169, *lv denied* 4 NY3d 836), and nothing on the record before us establishes that defendant was so lacking in "orientation or cognition that he lacked the capacity to plead guilty" (*People v Alexander*, 97 NY2d 482, 486). To the contrary, the record establishes that defendant had a rational understanding of the nature and effect of his plea (*see generally People v Young*, 66 AD3d 1445, 1446, *lv denied* 13 NY3d 912; *People v Lear*, 19 AD3d 1002, 1002, *lv denied* 5 NY3d 807).

Finally, contrary to defendant's contention in his main brief, we conclude that the sentence is not unduly harsh or severe.

Entered: March 24, 2017                    Frances E. Cafarell
                                           Clerk of the Court