The People of the State of New York, Respondent, 
against
Melinda Monet, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Raja Rajeswari, J.), rendered October 9, 2015, convicting her, upon a plea of guilty, of aggravated harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Raja Rajeswari, J.), rendered October 9, 2015, affirmed.
The misdemeanor complaint was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of aggravated harassment in the second degree (see Penal Law § 240.30[1][a]). Allegations that defendant addressed a letter to a retired New York City police detective, in which she threatened to "kill" the detective "and his son," and made a telephone call several months later, in which she threatened that she would "shoot [the detective] and his kid and blow up his home," were sufficient at the pleading stage to support a finding that defendant's communications placed the detective in reasonable fear for his safety (see Penal Law § 240.30[1]; People v Thomas, 58 AD3d 445, 446 [2009], lv denied 12 NY3d 788 [2009]; People v Green, 41 Misc 3d 134[A], 2013 NY Slip Op 51863[U] [App Term, 1st Dept 2013], lv denied 22 NY3d 1139 [2014]).
The record as a whole establishes that defendant's guilty plea was knowingly, intelligently and voluntarily entered in the presence of and with the aid of counsel, and after the court had fully apprised defendant of the constitutional rights she would be giving up by pleading guilty (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). Inasmuch as the record also demonstrates that defendant was rational and coherent throughout the plea proceedings, freely admitted her guilt and demonstrated her understanding of the terms and consequences of the plea, the court did not err in failing to make further inquiry regarding defendant's mental condition (see People v Brooks, 89 AD3d 747 [2011], lv denied 18 NY3d 955 [2012]; People v M'Lady, 59 AD3d 568 [2009], lv denied 12 NY3d 918 [2009]; People v Ames, 184 AD2d 1083 [1992], lv denied 80 NY2d 1025 [1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 24, 2017