People v Prentice (2021 NY Slip Op 00747)





People v Prentice


2021 NY Slip Op 00747


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1061 KA 18-00437

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEAN M. PRENTICE, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered February 6, 2018. The judgment convicted defendant, upon her plea of guilty, of forgery in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of three counts of forgery in the second degree (Penal Law § 170.10 [1]). Defendant's contention that her plea was not knowingly, voluntarily, and intelligently entered is unpreserved for our review because she did not move to withdraw the plea or to vacate the judgment of conviction (see People v McDonald, 110 AD3d 1490, 1490 [4th Dept 2013], lv denied 23 NY3d 1022 [2014]; People v Davis, 99 AD3d 1228, 1229 [4th Dept 2012], lv denied 20 NY3d 1010 [2012]). We further conclude that this case does not fall within the "narrow exception" to the preservation requirement (People v Lopez, 71 NY2d 662, 666 [1988]).
We reject defendant's contention that the sentence is unduly harsh and severe.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court